UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALERIE FLORES,

Plaintiff,

-against-

HELP USA,

Defendant.

1:26-CV-5721 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff Valerie Flores, who asserts that she resides within the State of New York, appears *pro se*. She invokes the court's diversity jurisdiction, but states that the legal bases for her claims are:

> 18 USC § 1028 (Fraud with Identification Documents), 18 USC Code § 1029, 18 U.S. Code § 2315 (Stollen Wallet/ID), NYMTA Police Department for failure to investigate possible pick pocket theft on subway or between Atlantic Center (Brooklyn, NY) to Grand Central Station (GCS is where I noticed it was missing on 4/26) I saw personalized plates in Boston, MA area few days later that said "RNSITN" and so it could be a Rebecca or other employee committing identity theft fraud. I also recently saw a Jeep Willy w/personalized plates that said "BCX 73K" on it. There is a Rebecca who I believe is an RN at Westchester Medical Center.

(ECF 1, at 3.)

Plaintiff names as the sole Defendant HELP USA, who is alleged to also be a citizen of the State of New York, and to be located in Brooklyn, Kings County, New York. (*Id.* at 2-4.) Among the relief Plaintiff seeks is the criminal prosecution of the individual or individuals who allegedly stole her wallet in a restroom or elsewhere.[1] Because Plaintiff does not have standing

[1] Plaintiff may also be seeking damages because she states, in the "amount in controversy" section of her complaint, that her claims are valued at "$75,000 personal injury cost for identity theft/fraud injury [and] housing discrimination [*sic*]." (ECF 1, at 4.) In her complaint, she further seeks the issuance of a subpoena. (*Id.* at 5.)

to seek the criminal prosecution of anyone, including with respect to the above-cited federal criminal statutes, *see Linda R.S. v. Richard D.*, 410 U.S. 614, 618-19 (1973), the Court construes this action as asserting claims against the Defendant for damages and/or injunctive relief, under state law, under the court's diversity jurisdiction.

By order dated July 16, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] For the reasons set forth in this order, the Court dismisses this action, under 28 U.S.C. § 1406(a), because it has been brought in the wrong venue.

## DISCUSSION

### A. Applicable venue provision

The applicable venue provision for Plaintiff's claims requires that such claims must be brought in a federal district court for:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

---

[2] Plaintiff has filed, along with her complaint, a request for the issuance of a summons and a request for the issuance of a subpoena. (ECF 3, 4.)

This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b). The Eastern District of New York is comprised for the following New York States Counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island); (4) Nassau; and (6) Suffolk. *See* § 112(c).

**B. This court is not a proper venue for Plaintiff's claims**

Plaintiff alleges that Defendant resides in Brooklyn, Kings County, New York (ECF 1, at 2), which lies within the Eastern District of New York, not within this judicial district. *See* § 112(c). Thus, the United States District Court for the Eastern District of New York—not this court—is a proper venue for this action under Section 1391(b)(1).

Plaintiff also makes clear that the events that are the basis for her claims occurred in Brooklyn, Kings County, New York (ECF 1, at 3, 4), within the Eastern District of New York, not within this judicial district.[3] Thus, again, the United States District Court for the Eastern District of New York—not this court—is a proper venue for this action under Section 1391(b)(2).

**C. This Court is a wrong venue for this action**

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer

[3] While Plaintiff asserts that she discovered the alleged theft while she was in Grand Central Terminal (ECF 1, at 3), which is located in Manhattan, within this judicial district, *see* § 112(b), she asserts that the events giving rise to her claims occurred in Brooklyn (ECF 1, at 3, 4), within the Eastern District of New York, *see* § 112(c).

such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). For the purposes of Section 1406(a), a federal district court "cannot be [a] wrong [venue] if it is one in which the case could have been brought under [Section] 1391 . . . . [A] wrong [federal] district [court] is therefore . . . [one] other than those . . . [courts] in which Congress has provided *by its venue statutes* that the action may be brought." *Atl. Marine Constr. Co., Inc. v. United States Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 58 (2013) (internal quotation marks and citation omitted). "Whether dismissal or transfer [under Section 1406(a)] is appropriate lies within the sound discretion of the district court." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1994). A federal district court may dismiss an action under Section 1406(a) for extraordinary circumstances, such as when it is brought by a vexatious litigant. *See Stich v. Rehnquist*, 982 F.2d 88, 89 (2d Cir. 1992); *Townsend v. Pep Boys*, No. 1:13-CV-1606, 2014 WL 4826681, at *3 (N.D.N.Y. Sept. 29, 2014) ("The Second Circuit has cautioned that a court should not dismiss for improper venue on its own motion 'except in ***extraordinary circumstances.***' Extraordinary circumstances may exist when the plaintiff is a vexatious litigant." (quoting and citing *Stich*, 982 F.2d at 89)).

In an order dated July 8, 2026, in another *pro se* action brought by Plaintiff in this court in which the Court dismissed that action *sua sponte* for lack of subject matter jurisdiction and directed Plaintiff to show cause why the Court should not bar her from filing any future civil action IFP in this court without prior permission, the Court recounted Plaintiff's history of vexatious litigation in this court. *Flores v. Davis*, ECF 1:26-CV-0179, 12 (S.D.N.Y. July 8, 2026). In that order, the Court noted that Plaintiff "has previously filed 10 *pro se* cases in this court, all of which were either dismissed on the merits or for lack of subject matter jurisdiction, or transferred to other federal district courts because venue was not proper here." *Id.* at 4-5

(listing cases). The Court also noted that three other federal district courts have imposed filing injunctions against Plaintiff due to her vexatious litigation in those courts. *Id.* at 6 (listing cases).

In light of Plaintiff's previous vexatious litigation in this court and in other federal district courts, *see id.* at 4-6, and because this court's multiple previous transfers of actions that Plaintiff has brought in this court, *see id.* at 4-5, demonstrate that Plaintiff is well aware of what constitutes this judicial district for the purposes of the applicable venue provision, *see Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances in which a frequent *pro se* litigant may be charged with knowledge of particular legal requirements), the Court determines that it is not in the interest of justice to transfer this action to another federal district court. The Court therefore dismisses this action, under Section 1406(a), as brought in the wrong venue.

**CONCLUSION**

The Court dismisses this action because it has been brought in the wrong venue. *See* 28 U.S.C. § 1406(a).

The Court therefore denies Plaintiff's pending requests for the issuance of a summons and the issuance of a subpoena. (ECF 3, 4.)

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated: July 31, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.